IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA ex rel. NORMAN RILLE AND NEAL ROBERTS<br><br>      Plaintiff<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY, a Delaware Corporation<br><br>      Defendant | Civil Action 4:04-CV-00989 WRW |

**RELATORS' MOTION FOR DETERMINATION OF
RELATORS' SHARE OF SETTLEMENT PROCEEDS**

Relators hereby move this Court for a Determination of Relators' Share of Settlement Proceeds under 31 U.S.C. § 3730(d)(1) in the above referenced case and state:

1. The False Claims Act ("FCA"), calls for a 15% to 25% share of the settlement proceeds when the Government "proceeds with an action" brought by the relators. In the present case, the Relators disclosed and alleged the fraudulent conduct of Hewlett-Packard Company ("HP") that consisted of kickbacks, defective pricing, false statements and conspiracies. The Government intervened in Relators' action and settled the entire case, which settlement included a dismissal of the case with prejudice. Thus, Relators are entitled to between 15% and 25% of the settlement proceeds.

2. After Relators and their counsel worked cooperatively with the Department of Justice ("DOJ") for the first five years, the DOJ has chosen to attempt to divide the settlement into two parts in an effort to deprive Relators of their proper share. This belated attempt to, in essence, bifurcate

the case, should not be countenanced because Relators properly alleged kickbacks, defective pricing, false statements and conspiracy. These are the allegations that the Government settled. The Government has repeatedly represented to this Court that defective pricing and kickbacks both arise out of the fraudulent scheme alleged by Relators – that HP gave discounts and other alliance benefits that were concealed from various Government agencies.

3. Any attempt to challenge Relators' pleadings claiming that they do not meet Rule 9(b) is also fallacious for the following reasons:

    (a) As to defective pricing, in its filings with this Court, the Government has represented to the Court that the pleadings would be adequate if they "include enough detail to inform defendants of the factual core of the fraud claims." In essence, the Government has gone on record that every detail is not necessary as long as the "core" of the fraudulent scheme is pled;

    (b) Such an argument has never prevailed in an intervened False Claims Act case, especially after settlement;

    (c) Clearly, the purpose of Rule 9(b) was satisfied by Relators' pleadings because the defendant, HP, was on adequate notice to be able to defend itself since it is paying $55 million to settle the case;

    (d) The Government moved this Court for a relate-back order in the related Sun case (4:04-CV-00986-WRW), to the effect that its Complaint in Intervention, which included allegations of defective pricing, properly related back because such was part of the allegations of Relators' Complaint. The subject

        Relators' Complaint was substantially the same as the Relators' Complaint in this HP case.

4. The Relators' Share percentage on the full settlement should be on the higher side of 15% to 25% for the following reasons:

    (a)    The Government was not aware of HP's fraudulent scheme until Relators brought it to the Government's attention.

    (b)    Shortly after the Government disclosed Relators' allegations to HP, Defendant voluntarily increased their discount to GSA by 10% which saved the Government approximately $100 million.

    (c)    Relators brought over 700,000 pages of documents involving Accenture and the family of cases, including thousands of pages of documents describing HP's involvement in the secret alliance scheme. Relator Rille did this at significant personal risk to himself, as he was threatened with criminal prosecution by Accenture thereafter. These documents included how the GSA Multiple Award Schedule negotiation process takes place and requires disclosure by a vendor of its deepest discounts. They also included examples of deep discounts given by HP to its alliances, including end users. Sadly, both the Government and HP have refused to provide to Relators and their counsel the documents and information recently exchanged by them in the settlement process relating to HP's deepest discounts.

    (d)    Relators and their counsel helped draft the Subpoena that was served on HP, Accenture and many other companies.

(e)    Relators and their counsel assisted the Defense Criminal Investigative Service ("DCIS") with tape-recorded interviews over a two-day period of time.

(f)    Relators and their counsel planned and coordinated with the DOJ several meetings in Los Altos, California, and Washington, D.C., which included various DOJ attorneys, many agents representing Government Departments, also including GSA, and provided substantial notebooks of research done by Relators and their counsel.

(g)    Relators and their counsel volunteered to and did solve the Government's challenge to make searchable approximately 14 million pages of documents in connection with the fraudulent alliance conspiracies. This was done at a cost of approximately $560,000 to Relators and their counsel.

(h)    Relators and their counsel engaged in hundreds of telephone conferences and email exchanges with DOJ attorneys and Government Department representatives for GSA, Department of Defense, Department of the Army Criminal Investigation Command, Department of Energy, DCIS, NASA, U.S. Postal Service, Environmental Protection Agency and others.

(i)    Relators' counsel participated with DOJ and HP in three sit-down conferences in Washington, D.C.

WHEREFORE, Relators and their counsel request that the Court grant this motion for a Relators' Share on the higher side of 15% to 25%.

                    WILSON, ENGSTROM, CORUM & COULTER
200 South Commerce, Suite 600
Post Office Box 71
Little Rock, Arkansas 72203
Telephone: 501-375-6453
Facsimile: 501-375-5914
stephen@wecc-law.com

By:   /s/ Stephen Engstrom
       Stephen Engstrom (AR Bar No. 74047)

*-and-*

Von G. Packard (CA Bar No. 74877)
Ronald D. Packard (CA Bar No. 72173)
Daniel W. Packard (TX Bar No. 791392)
Jacquetta Bardacos (CA Bar No. 139211)
PACKARD, PACKARD & JOHNSON
Four Main Street, Suite 200
Los Altos, California 94022
Telephone: 650-947-7300
Facsimile: 650-947-7301
rdpackard@packard.com

*-and-*

Lon D. Packard (CA Bar No. 74876)
Craig H. Johnson (CA Bar No. 90539)
PACKARD, PACKARD & JOHNSON
2825 E. Cottonwood Pkwy., Suite 500
Salt Lake City, Utah 84121

**Attorneys for Relators/Plaintiffs**

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document will be served via electronic notification to the following counsel of record on the  14th  day of September 2010:

- **Shannon S. Smith**
  Shannon.Smith@usdoj.gov, Maria.Altadonna@usdoj.gov

- **Barbara Van Gelder**
  bvangelder@morganlewis.com

- **Lisa C. Dykstra**
  ldykstra@morganlewis.com

- **William Waddell**
  waddell@fridayfirm.com

                /s/ Stephen Engstrom
                Stephen Engstrom