IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* NORMAN RILLE AND NEAL ROBERTS, | )<br>)<br>)<br>)<br>) |  |
| PLAINTIFFS, | )<br>) | Civil Action 4:04CV00989-BRW |
| v. | )<br>) |  |
| HEWLETT PACKARD COMPANY | )<br>) |  |
| DEFENDANT. | )<br>) |  |

## ORDER

Pending is Relators' Motion to Compel United States to Comply with the Court's March 18, 2011 Order and Release Undisputed Portion of the Relators' Share of Proceeds of Settlement (Doc. No. 203). The United States ("Government") has responded.[1] For the reasons set out below, Relators' Motion is DENIED.

## I.   BACKGROUND

In their motion, Relators ask the Court to direct the Government to release a $1.89 million portion of the Relators' share of the settlement proceeds to Relators. The United States responded with a Motion to Deposit Funds into the Court Registry (Doc. No. 211). According to its motion, the Government is prepared to release the $1.89 million, but asks to deposit the money in the Court's registry because of an ongoing dispute between Relators and their former lawyers. Relators and Packard, Packard & Johnson ("PPJ") -- Relators' former

---

[1]Doc. No. 211.

counsel -- are currently litigating[2] the contingency fee agreement between them in California, and PPJ has filed a Notice of Attorneys' Lien in this case.[3] Relators oppose the Government's request;[4] PPJ supports the Government's motion.[5] Relators' reply to PPJ's position statement restates their opposition.[6]

## II. DISCUSSION

First off, both Relators and PPJ express the desire to pay local counsel. Presumably, because both Relators and PPJ agree that local counsel should be paid, the Government would not object to releasing the appropriate amount of funds. PPJ, Relators, and the Government should meet and confer on this point, and see that local counsel is paid promptly.

Relators argue that an attorney's lien is not enforceable as to claims against the Government; that the effect of the Government's motion is to involve this Court in a dispute under California law; that the Government's motion asks to deposit a greater share of Relators' settlement proceeds than required; and that the Government's motion ignores the possibility of the Government interpleading the funds with California Superior Court.[7] Under the circumstances of this case, I disagree.

---

[2] After a hearing in *Roberts v. Packard Packard & Johnson*, No. BC459259 (Sup. Ct. Cal. Nov. 15, 2011), the California court granted PPJ's motion to compel arbitration; stayed the case; and scheduled a status conference regarding the status of arbitration on February 16, 2012.

[3] Doc. No. 184.

[4] Doc. No. 212.

[5] Doc. No. 216.

[6] Doc. No. 217.

[7] Doc. No. 212.

The Anti-Assignment Act[8] (the "Act") was enacted to prevent "the presentation of a single claim by more than a single claimant, the original and his assignee, thus raising the danger of paying the claim twice, or rendering necessary the investigation of the validity of an alleged assignment."[9] The Act is for the Government's benefit, and only the Government may invoke its protection.[10] Assignments by operation of law are not prohibited under the Act.[11]

Relators argue that an attorney's lien is not enforceable against the Government. Relators cite *Pittman v. United States*[12] in support of their argument. In *Pittman*, the court noted that "[i]t has long been the law in the District of Columbia that an attorney's lien is . . . a creature of contract."[13] *Pittman* found that the Act barred recovery against the Government on an attorney's lien.

PPJ cites *Grimm v. Brown*[14] in arguing that the Act does not affect an attorney's lien, because an attorney's lien arises out of operation of law. Because the court in *Grimm* lacked subject matter jurisdiction, it did not resolve the question of whether the attorney's lien in that case could be enforced.[15] The court did, however, note that "[t]he question of whether an

---

[8] 31 U.S.C. § 3727.

[9] *Spofford v. Kirk*, 97 U.S. 484, 489-90 (1878).

[10] *United States v. Certain Space in Syracuse, N.Y.*, 320 F. Supp. 491, 496 (N.D.N.Y. 1969), *aff'd*, 435 F.2d 872 (2d Cir. 1970), *cert. denied*, 402 U.S. 908 (1971).

[11] *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 374 (1949).

[12] 116 F. Supp. 576, 580-81 (Ct. Cl. 1953).

[13] *Id*. at 579. Relators also cite *Kearney v. United States*, 285 F.2d 797 (Ct. Cl. 1961); that case also applied D.C. law.

[14] 291 F. Supp. 1011 (N.D. Cal. 1968).

[15] *Id*. at 1353.

equitable lien, arising from a contract with an attorney, is a 'transfer by operation of law' and therefore an exception to that Anti-Assignment Act was extensively briefed . . . ."[16]

Because assignments arising out of operation of law are not prohibited under the Act, it is important to determine whether the attorney's lien arose out of operation of law. "In most jurisdictions, a charging lien is established by operation of law. . . ."[17] While I am not aware of any on-point Arkansas precedent, courts in other jurisdictions with similar lien laws have stated that an attorney's lien arises by operation of law.[18] I believe the Arkansas Supreme Court would say the same about Arkansas law.

In any event, only the Government can invoke the protection of the Act, and the Government does not wish to do so here.

It appears that under the contingent fee agreement, PPJ would be entitled to more than $1.89 million, and it is clear that Relators and PPJ contest who should receive that sum. Under these circumstances, it seems appropriate for the $1.89 million (less local counsels' fees) to be deposited in the Court's registry pending a final decision from the California arbitration.

---

[16]*Id*. at 1351.

[17]*Fletcher v. Davis*, 90 P.3d 1216, 1219 (Cal. 2004). In California, "an attorney has neither a retaining nor a charging lien for compensation in the absence of a contract containing an agreement for a lien." *Severdia v. Alaimo*, 41 Cal. App. 3d 881, 890 (Cal. Ct. App. 1974).

[18]See, for example, *Green v. Tulsa Litho Co.* (*In re Tulsa Litho Co.*), No. 98-5075, 1999 U.S. App. Lexis 11881, at *4-5 (10th Cir. 1999) (discussing Oklahoma law) (lien arose by operation of law) (internal citation omitted); *Petrosyan v. DIRECTV Group, Inc.*, No. 08-CV-1566 (NGG), 2009 U.S. Dist. Lexis 58476, at *3 (E.D.N.Y. July 9, 2009) (discussing New York law) ("The attorney's lien exists from the 'commencement of an action' . . . arising by operation of law.") (internal citation omitted); *In re Fisher*, 202 P.3d 1186, 1202 (Colo. 2009) ("The lien arises by operation of law as soon as the attorney commences representation."); *Potter v. Schlesser Company, Inc.*, 63 P.3d 1172, 1174 (Or. 2003); and *Smith v. Moran, Windes & Wong, PLLC*, 187 P.3d 275, 279-80 (Wash. Ct. App. 2008).

**CONCLUSION**

The Government's Motion (Doc. No. 211) is GRANTED and Relators' Motion (Doc. No. 203) is DENIED. The Government is directed to deposit the $1.89 million (less local counsels' fees) into the Court's registry; the Clerk of the Court is directed to deposit the money into an interested bearing account pending further orders from the Court.

IT IS SO ORDERED this 21st day of December, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE