IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

_____
                                       )
UNITED STATES OF AMERICA               )
*ex rel*. NORMAN RILLE AND NEAL        )
ROBERTS,                               )
                                       )   Civil Action 4:04CV00989 BRW
              PLAINTIFFS,              )
                                       )
        v.                             )
                                       )
HEWLETT PACKARD COMPANY                )
                                       )
              DEFENDANT.               )
_____ )

## ORDER

Hewlett Packard Company ("HP") is prepared to pay statutory fees and costs as directed,[1] but Relators and their former counsel, lawyers with the firm Packard, Packard & Johnson ("PPJ"), disagree on who should receive the money.[2]

On May 20, 2011, PPJ filed a notice of attorney's lien.[3] PPJ, at Relators' request, was relieved as counsel on June 15, 2011.[4] Relators and PPJ are now involved in a lawsuit over the fee agreement they entered into; that suit is pending in the Superior Court, Los Angeles County, California.

---

[1] Doc. No. 224.

[2] Doc. Nos. 227, 228, 229, 230.

[3] Doc. No. 184.

[4] Doc. No. 193.

1

Relators contend that HP should pay the fees and costs directly to them.[5] But PPJ has filed an attorney's lien in this case and asks that HP be directed to deposit the funds in the Court's registry.

Under the statute, HP should pay the fees and costs to Relators;[6] accordingly, I will not release funds to PPJ. Considering the attorney's lien, I am hesitant to release the funds to Relators.

The Los Angeles County Superior Court referred the Relators-PPJ case to arbitration to determine if the arbitration provision in the fee agreement is valid, but the Superior Court reserved jurisdiction.[7] Either the Los Angeles County Superior Court or the California arbitrators will determine fee-agreement related disputes.

Relators do not seem to question my authority to order the fees and costs to be lodged with the Court, and I think that is the most appropriate thing to do at this point. HP is directed to deposit all fees and costs, less those for local counsel, into the Court's registry. The Clerk of the Court is directed to deposit the money into an interest bearing account pending further orders of the Court. Local counsel should be paid promptly, as it appears that Relators and PPJ agree this is the proper thing to do.

The funds deposited into the Court's registry may be released following the conclusion of the California case.

IT IS SO ORDERED this 16th day of February, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5] 31 U.S.C. § 3730(d); Doc. Nos. 228, 229.

[6] 31 U.S.C. § 3730(d).

[7] Doc. No. 216, Ex. B.